No. 14,510.

## THE STATE *v.* JOHNSON ET AL.

CRIMINAL LAW.—*Leasing Fair Grounds for Gambling Purposes.*—*Liability of Directors.*—*Indictment.*—An indictment which charges that the defendants, acting as officers, managers and directors of an agricultural society (naming it), which is a society organized under the laws of the State, did, on, etc., unlawfully rent, lease and donate a portion of the premises and grounds used and occupied by said society to one M. to be used for the purpose of carrying on a game of chance, with wheel of fortune, and dice, devices for the purpose of wagering money, is sufficient, on motion to quash, to charge an offence under the provisions of the act of April 4th, 1885. Acts 1885, p. 127.

From the Knox Circuit Court.

*J. C. Adams,* Prosecuting Attorney, for the State.

*W. H. De Wolf, S. N. Chambers* and *E. H. De Wolf,* for appellees.

MITCHELL, J.—At the January term, 1888, of the Knox Circuit Court, the grand jury returned an indictment in which they informed the court that Thomas Johnson and six others named therein, acting as officers, managers and directors of the Knox County Agricultural and Mechanical Society of Knox county, in the State of Indiana, which is alleged to be a society organized under the laws of the State of Indiana, did, on the 10th day of October, 1886, unlawfully rent, lease, and donate a portion of the premises and grounds owned, used and occupied by the above named society, to one Adam Marsh, to be used for the purpose of carrying on a game of chance, with wheel of fortune, and dice, devices for the purpose of wagering money, etc.

The court sustained a motion to quash the indictment, and upon this appeal, taken by the State, the propriety of this ruling is presented.

An act of the General Assembly, approved April 4th, 1885, Acts 1885, p. 127, makes it unlawful for any officer or

officers, or any manager, director or trustee of any county fair, agricultural society or joint stock association, or of any fair, agricultural joint stock company or association, organized under the laws of this State, to rent, lease, let or donate any portion of the premises or grounds or any booth, stall or tent owned, used, leased or occupied by any fair, society, etc., to any person, etc., to be used for the purpose of carrying on any game of chance or skill, or any scheme, lottery or drawing, with dice, cards, balls or wheels, or any other device for the purpose of wagering money, etc. The act prescribes a penalty of twenty-five dollars against any officer or officers who violate any of its provisions.

The first objection urged against the indictment, in the brief filed on behalf of the appellees, is, that it is not alleged therein that the Knox County Agricultural and Mechanical Society is a county fair, agricultural society or joint stock association. It is said the statute only makes gambling unlawful on grounds owned, used or occupied by a society organized for agricultural purposes, and that because the indictment fails to charge that the society of which the defendants were the officers and managers, was organized for the purposes above named, it charges no crime. We do not concur in this view.

The statute makes it unlawful for any officer or officers of any agricultural society or joint stock association to rent or donate any portion of the grounds owned, used, leased or occupied by such society for gambling purposes. The indictment charges that the defendants were the officers of an agricultural and mechanical society, organized under the laws of this State, and that as such officers they did, on a day named, unlawfully rent, etc., ground owned by such society, for gambling purposes. It is wholly immaterial whether the society of which the defendants were the officers and managers was organized for one purpose or another. It was organized under the law of the State of Indiana, and was called an agricultural and mechanical society. Its offi-

The State *v.* Johnson *et al.*

cers incurred the penalty of the law when they leased or donated, if they did lease or donate, any portion of the grounds of the society for gambling purposes, if they leased it with knowledge that it was to be so used.

In support of the second and only other objection it is. contended, on behalf of the appellees, that the indictment is bad for uncertainty, in that the charge is that the defendants " as officers, managers and directors " of the Knox County Agricultural, etc., Society, did unlawfully rent, etc. It is said that the statutory penalty is denounced only against any " officer or officers " who violate any of the provisions of the act, and that managers, directors and trustees are not included in the penal clause. If this were conceded to be a correct construction of the act, the description of the defendants as officers, managers and directors would not vitiate the indictment or make it bad for uncertainty. " Managers and directors " would be treated as surplusage merely. The words " officer " and " officers," as used in the act under consideration, were not, however, employed in a strictly technical sense. They were intended to designate any person or persons duly invested by the society with authority to grant privileges to other persons upon its grounds or premises, and to make it unlawful and penal for such persons intentionally to rent or donate any portion of the society's grounds for gambling purposes, with knowledge that they were to be so used.

Our conclusion is, that the court erred in sustaining the motion to quash.

The judgment is reversed.

NIBLACK, C. J., took no part in the decision of this cause.
Filed Sept. 19, 1888.