The State *v.* Howard.

GAVIN, J., having been of counsel, did not take part in this decision.

Filed March 27, 1894.

———————

No. 1,197.

THE STATE *v.* HOWARD.

CRIMINAL LAW.—*Indictment, Sufficiency of.*—*County Fair.*—*Leasing Grounds for Gambling Devices.*—An indictment which charged, in substance, that H., while acting as superintendent of privileges and director of the Boone county fair, did, on August 23, 1893, unlawfully lease, rent, and donate a portion of the premises and grounds used and occupied by said fair, to J., to be used and occupied with apparatus, books, and other devices for the purpose of recording and registering bets and wagers, and selling pools upon the results of races,—states a public offense, and is sufficient.

From the Boone Circuit Court.

*A. G. Smith*, Attorney-General, *P. H. Dutch*, Prosecuting Attorney, and *W. A. Dutch*, for State.

GAVIN, J.—The appellee was indicted because—while acting as superintendent of privileges and director of the Boone county fair, of Boone county, Indiana, a society organized under the laws of the State of Indiana—he did, on August 23, 1893, unlawfully lease, rent, and donate a portion of the premises and grounds used and occupied by the above named fair, to one L. B. Johnson, to be used and occupied with apparatus, books, and other devices for the purpose of recording and registering bets and wagers, and selling pools upon the result of races.

A motion to quash the indictment was sustained.

We have not been favored with a brief on behalf of appellee, and are not, therefore, advised of the grounds of his objection to the indictment.

We are unable to discover in it any such serious vice as requires it to be quashed.

It seems to us to bring the appellee clearly within the inhibition contained in section 2174, R. S. 1894, which forbids the officers and managers of such associations to rent, lease, or donate their grounds to be used for gambling purposes.    The purposes for which the ground was to be used are declared to be unlawful by section 2179, R. S. 1894, and constituted a gambling scheme.

It was the evident intention of the Legislature to take all possible means to prevent gambling upon the grounds of such associations.

The decision of the Supreme Court in the case of *State* v. *Johnson*, 115 Ind. 467, closes every avenue of escape against the defendant, if the facts alleged in the indictment be true.

See, also, *People* v. *Weithoff*, 51 Mich. 203; *Edwards* v. *State*, 8 Lea (Tenn.) 411; Century Dict., volume 4, Definition of ''Pool.''

The judgment is reversed, with instructions to the trial court to overrule the motion to quash.

Filed April 4, 1894.